United States of America v. Christopher Mateen For argument not to proceed, 20 minutes per side, Mr. Glassman, will you come forward? May it please the Court, Ben Glassman on behalf of the United States. I'd like to reserve four minutes for rebuttal. At issue in this appeal is the proper interpretation of 18 U.S. Code section 2252b2, which sets forth the penalties for someone who's convicted of possessing child pornography. It's zero to 10 years in prison, but if you're a recidivist sex offender, the penalties are 10 to 20 years in prison. And the statute specifies which prior convictions count, and those are those that are under a host of different federal laws, and also as particularly relevant in this case, those under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor award. The government's contention is that the phrase that follows abusive sexual conduct that is involving a minor award modifies and limits only abusive sexual conduct, its nearest antecedent, and not the other two kinds of state crimes that are listed by 2252b2. Now, that follows principally from the grammar of the text, and that grammar is then confirmed by the rest of the statute's context. Let me explain that a little bit. I think at this point we actually pretty much all agree that the default way you would read aggravated sexual abuse, sexual abuse, and abusive sexual conduct involving a minor award under the so-called rule of last antecedent, which is another way of saying regular English usage, that involving a minor award only modifies the nearest antecedent and doesn't reach back to the other two things that are separated out by commas. I think we all agree that that's the presumption or default rule. And so the only question then textually is, are there really good reasons not to follow the grammar? Because as Mateen points out and as the United States agrees, it is possible under some circumstances to rebut that presumption, but there aren't any such circumstances here. In fact, the contrary, the United States' contention is that the context of the remainder of 2252b2 confirms that all prior convictions that are triggering predicates do not require the involvement of a minor award. And the clearest way to see that is to look at the specified federal predicate convictions, which do not uniformly involve a minor award. There are plenty that involve, that can have adult victims only. So we have the text, we have the grammar, we have the presumption and the default way of reading it, which is as it's written. And then we have the context of the rest of the statute, which confirms that that is the appropriate way to read the statute. Now on top of all that, or for those reasons, you have every circuit court that has specifically considered this question coming down the way that the United States is advocating here.  involving a minor award in that triad of state crimes modifies and limits only abusive sexual conduct. Suppose that you're right about that. Does that mean that the United States automatically wins, or don't you have to do a lot more in order to prevail on your argument that the crime, the state crime, constituted a violation that qualifies under B2? If we win on that initial statutory interpretive question, so that a prior conviction under state law relating to sexual abuse, for example, does not have to involve a minor award, then all that we have to show is that Mateen's prior conviction, which is for violation of Ohio's gross sexual imposition statute, is a conviction that is relating to sexual abuse. Our contention, as laid out in the brief, is that every violation of Ohio's gross sexual imposition statute is in fact relating to sexual abuse, because if you look at Ohio's statute, which is Ohio Revised Code 2907.05, every section is explicit, uses the word sexual. Every violation is sexual. And every violation involves the misuse or mistreatment of the victim. In other words, a sexual battery of the victim without the victim's consent for one way or another, whether it's because the person is victimized by force, by threat, because they're way too young to consent, because their judgment is impaired, or whatnot. So under the ordinary common meaning of abuse, that's abuse. Well, the Ohio statute proscribes sexual contact in a variety of ways. Are you saying that the variety of ways of sexual contact must mean sexual abuse under the federal statute? I'm saying yes. The federal term in 2252b2, sexual abuse, is not defined. Section 2256 does provide definitions for some of the terms in Chapter 110. Sexual abuse is not among those terms. Neither is aggravated sexual abuse or abusive sexual conduct involving a minor. So how do we understand those terms then? Well, the normal rule is that for undefined terms in a statute, you construe them according to their ordinary common meaning. So assuming that you're correct on that, we're looking at the language aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor, and I'm granting you that the minor only applies to abusive sexual conduct. Yes. So what is the difference between sexual abuse and abusive sexual conduct, putting to the side involving a minor? Yeah, well, I think that if we're talking about just the ordinary common meaning of the words, sexual abuse, abuse means misuse or mistreatment. It implies an object. Implies what? Implies an object. You're misusing or mistreating something. It's a person, right? You're sexual abuse of a person. Yeah, right, exactly. But conduct, not necessarily so. Unless it's abusive. Well, no, no, that's my point. So I think that abusive sexual conduct is broader than sexual abuse because the example that I gave in the supplemental reply brief, Judge Moore, I gave you one example. I know, and I read that and I thought about that. Go on. Is to do a lewd act in front of a minor. So you're not touching the minor at all. You're not, I don't know if that would necessarily, people would normally say that that's abusing the minor, but it's surely conduct, meaning it's behavior, it's sexual, and I think it's abusive. So I think that that would be an example. So you're, and I'm really trying to get to an understanding of these terms, which are not defined, as you point out. So abusive sexual conduct, which is in the federal statute that we're construing, you're saying would include a lewd act performed in front of a person. In the case of a minor, that would be abusive sexual conduct involving a minor. I think that's a good example. Well, it's your example. Which is why I like it. Yeah, that's why I gave it to you. It's your example. But you're saying that that would not constitute sexual abuse. Is that right? So sexual abuse is a smaller category of things than abusive sexual conduct? Yeah, that's how I think of it, yes. Mr. Glassman, it's my understanding the thrust of your petition for en banc review was the statutory construction argument that the district court aired in that. And I tend to agree with you. But the district court never ruled on the secondary question of what is sexual abuse. And I recognize that this court could rule on that because it's an issue of law. But in your view, would it be more prudent for us to remand to the district court for a ruling in the first instance on this issue that we have no ruling from the district court and take it from there? I have very little to add to the way that you framed the question, Judge Griffin. You certainly could rule on the question here. It is a matter of law. I mean, I think if the court's willing to engage on the subject, it might as well decide the question here because it is a question of law and there's no suggestion that there's anything else that the district court could come up with that these judges couldn't. So from the United States' perspective, I would say to go ahead and conclude, in line with all of the authority that we've cited, that this prior conviction for gross sexual abuse is indeed a conviction relating to sexual abuse. However, as you say, you don't have to. You could resolve only the statutory interpretive question and then remand to the district court and let it take the first cut at it. Whether that's a good or bad use of judicial resources, I'll defer to the court's consideration. And the reason you don't refer to the parallel federal provisions is because of the relating language? You mean the reason why I do not think that the undefined terms in Chapter 110 are defined by reference to the terms in Chapter 109A? Is that the question, Judge White? I think it is. You're relying on the fact that you have enumerated federal offenses that do not pertain to minors. Oh, I'm sorry. Yes, those are actually two different points. I thought you were asking a different question. No, I'm asking, since you're relying on that, why do you not also refer to those specific offenses to see whether the state offenses are parallel offenses or the same? Why don't you look to the language of those statutes to understand the requisite conduct? For a number of reasons, I don't think that's the best way to do it. I'd like to elaborate why not, although I want to preface my elaboration by saying that I think you still could and you'd get the same result with the relating to. That's the backup point, but I think if the United States is trying to give this Court its best understanding of how to interpret those words, the problem is the enumerated federal predicates are not just Chapter 109A. There's a number of different chapters, 109A, 110, 117, 71, Article 120 of the Uniform Code of Military Justice, which also, by the way, has used sexual conduct and sexual contact and sexual acts in its discussion. There's no clear link or reason in the text of 2252b2 to define the terms with reference to Chapter 109A. There are examples of statutes. For example, 18 U.S. Code 2426b1a and b is one of those statutes that says these federal laws or any state law where the conduct would have been a violation of Chapter 109A. It doesn't say anything like that. It does have a definition section, 2256, that does not refer back to 109A. In fact, the definitions in 2256 that are there includes a definition of minor, which is just anybody under 18, which is not consistent with how minor is used in Chapter 109A where the minor has to be under 16. Am I also correct in your argument, though, Mr. Glassman, that if we were to follow the Seventh Circuit approach, which looks to 2242 and other federal law, you have to convince us to use your relating to broadening argument in order for this gross sexual imposition charge to meet the definition of sexual abuse? Yes. If we follow the Fourth, Fifth, Eighth, Ninth, and Eleventh Circuit? And second. Pardon me? And second. And second now? Yes. Then we don't have to get to your relating. We reject the Ninth Circuit. We can't use the categorical approach because the Ohio statute is divisible, but we can use the modified categorical approach. Am I right about that? I would agree with everything up until the very last part, Judge McKeague. I don't think if you're following the approach that I'm suggesting here, the majority approach of construing those terms, I don't think that you have to use the modified categorical approach at all because it is a divisible statute, and every section counts as sexual abuse. This is a change from your position in the district court where the AUSA argued for the modified categorical approach. The AUSA at the trial level made a number of different arguments that are more arguments than we're making here. You're more refined here. I think so. Yeah, I think so. We tend to take a closer look at this when we're before the en banc court than in a single sentencing memo. If I could get back to the concern that I had, which I was trying to get to on looking at the difference between sexual abuse in the federal statute and abusive sexual conduct in the federal statute. The concern that I have is the statute in Ohio that we're dealing with, gross sexual imposition, is talking about sexual contact, and I'm wondering if that is more analogous to abusive sexual conduct than it is to sexual abuse, if you could address that concern. Right, and I don't think it is because if we're talking about sexual abuse as ordinarily understood, then a sexual battery, whether you have to actually penetrate the victim or use certain particular body parts through or not through clothing, I don't think the ordinary understanding of sexual abuse makes a distinction between whether or not the victim is actually penetrated or not. Now, it's true that we're talking about sexual contact for the Ohio thing, but states define this all different ways and use all different terminologies, and I think as we tried to explain in the brief, the Ninth Circuit decision that was looking at the Montana statute, the Montana statute in scenarios is the same as Ohio's gross sexual imposition, the same kind of touching. I believe that the South Carolina statute that was at issue in Spence, the Fourth Circuit case, again the same. And those courts said that it was sexual abuse under the federal statute? Yes, that's correct. So what are some sexual crimes that wouldn't qualify? As sexual abuse? Or abuse of sexual conduct. So I think that performing a lewd act in front of an adult  so it wouldn't count under this statute. Is there any other example that you can come up with other than this one? Sure. How about soliciting a minor to engage in sex? How about that? That would not involve actually abusing the minor, but I think that that's conduct, it's abusive, and it's sexual if it's involving a minor. And in fact, there are lots of state laws that prohibit importuning, and there is a federal law that prohibits soliciting a minor for sex or even transporting a minor across boundaries with the intent that you engage in sex. So those would be examples, Judge Moore. Counsel, you seem to be at great pains to distinguish between sexual abuse and abusive sexual conduct. I assume that's wanting to give them different meanings so that it won't be that the statute has surplusage in it, but it seems as though almost by definition there's surplusage because if we look at the first two of the three, isn't all aggravated sexual abuse also sexual abuse? Oh, yeah. You have to concede that there is some surplusage for exactly that reason. So that leaves me with a question. Why do we have to sort of like angels on the head of a pin to say that abusive sexual conduct is not sexual abuse? What's the answer if it is sexual abuse? All that means is that there's a little bit more surplusage than or it doesn't even mean that there's surplusage, does it? No, I think it does. But I mean, I like our reading better because otherwise then, I mean,  if the statute were involving a minor or a ward modifies everything, then that would render everything surplusage. And I'm saying that the way we're proposing to read it, there's less surplusage. I mean, as you said, I just can't figure out any way that something could be aggravated sexual abuse. Well, you could say the greatest set is sexual abuse and then there's a subset that includes aggravated sexual abuse and there's a subset that includes sexual abuse involving a minor and there's two, you know, there's three things, two of which are a subset of the third. I suppose that is a permissible way to read it, Judge Rogers. The United States has not made... It doesn't make much difference as far as you're concerned. I think that that's a bit more of an aggressive argument than we're proposing. I think we're trying the more conservative approach. So in the government's view, the Mateen's prior conviction for gross sexual imposition under Ohio law is sexual abuse. He is a recidivist sex offender and he should be sentenced as such. The government asked the court to send this case back for resentencing under the right statutory scheme and under the correct guidelines range. Thank you. Thank you, counsel. Good afternoon, your honors. May it please the court. I'm here representing the appellee, Mr. Mateen. I think that we're starting from the wrong starting point and if we start from the correct starting point in this case, we never get to the issue of the rule of the last inocent. And I think the court's already keyed in on this a little bit, which is the government needs to prove to you that the prior GSI offense was either aggravated sexual abuse or sexual abuse. If they can't prove that, we don't need to move forward with any of the rest of the government's argument. There's compelling reasons why Ohio's GSI statute is, in fact, abusive sexual conduct under the third prong under 2252. And there's both statutory reasons, but there's also case law reasoning. And that is the Tillio case, which I cited to you all in my brief. The Tillio case made a finding that Ohio's GSI statute was almost verbatim in line with the federal standard under the 2240 series for abusive sexual conduct. And so the court, when it was making its finding in Dentillio, made the finding that because it was abusive sexual conduct in that case and because there was a minor involved, that therefore it qualified as an enhancing statute. Did that case address whether it could be sexual abuse? It did not, but it made the finding that it was, in fact, under the third prong, the Ohio GSI statute. And the reason that they did so was because not when you... I'm only making the point. I mean, based on the first half hour, we're really struggling with what the lines are between these two points. So I don't know what it means to have a victory that it fits under one. Well, absolutely. So if we don't know where the lines are, there's two ways that we can go with this, right? And one is that the government says, let's not use the statutory definitions that are provided by Congress in the 2240 series. Let's instead use the common, everyday, common-sense meaning of aggravated sexual abuse, sexual abuse, and abusive sexual conduct. And as Judge Rogers pointed out, when we use those common-sense terms, where do we draw the line? We can't draw the line. But Congress clearly did draw definitive lines in the 2240 series when it defined the federal crimes of aggravated sexual abuse, sexual abuse, and abusive sexual conduct. And the parameters that Congress chose to draw were that for aggravated sexual abuse and sexual abuse, there needs to be a sexual act. Point blank, on any of those offenses, there needs to be a sexual act. For the abusive sexual conduct, there needs to be sexual contact. And the court defined those under 2246 as two separate things. A sexual act under the federal statute means a contacting of the genitalia of one person with a specific part of the other person. But that 2246's definition applies only to Chapter 109, right? I would disagree with that presumption. And the reason is that obviously Congress did not create the terms aggravated sexual abuse, sexual abuse, and abusive sexual conduct entirely out of whole cloth when it got to the 2250 series. Especially after it already defined them and defined them as federal convictions under the 2240 series. And as Judge White points out, if we're going to take that list and then say that that list corresponds in terms of determining whether or not the of a minor award counts, if we're going to draw the analogy between the federal statute and the state statutes there, why wouldn't we assume that Congress was drawing the same analogy when it used those exact terms to define those state statutes that fall under this recidivism statute? And so when you take a look at the actual elements that are required for the federal statute, it's clear that the conduct that's prescribed for aggravated sexual abuse and sexual abuse is far beyond what's captured under Ohio's GSI statute. Which is the reason that the Dottilio Court got to where it did because they took a look. The Ohio statute's very broad. And it goes beyond, and I disagree with my opposing counsel, that it falls in line with either the Ninth or Fourth Circuit because the Ohio statute is very broad in terms of what can be contacted. And again, it's sexual contact in that case. But a shoulder can be considered an erogenous zone under Ohio law and get you a GSI conviction. And I cited actually a litany of cases in my brief that are Ohio statute cases where a shoulder, stomach, a male chest, all of these things are made into contact whether it's an adult or a minor. And those amount to Ohio's GSI of sexual contact. Now Ohio GSI, if you look at the way they define their sexual offenses, they have basically two broad categories. One is sexual conduct and one is sexual contact. Sexual conduct, if you take a look at that definition and it's in 290701, corresponds with the federal sexual act. It corresponds very similarly because it involves penetration, it involves the touching of genitalia, those type of matters. It actually corresponds quite well with it. So when you take that and say that that corresponds with the sexual abuse and then you utilize the abuse of sexual contact, sexual conduct, and those align, it's clear that at least under Ohio law, we don't know about other jurisdictions, but under Ohio law it's clear that Ohio's GSI statute actually points to abuse of sexual conduct. And it applies whichever one of the subsections that we're talking about here because we don't know which subsection that Mr. Mateen was convicted under. We only know that it's either 1, 2, 3, or 5. But it's not, even using Shepard documents, it's not any further defined in this case. So Judge Griffin, it could be that the best route is to allow the district court to at least make that determination because it was obviously presented to the district court and the district court kind of, in my opinion, got the cart before the horse on this thing because I don't think you have to make a determination as to whether the rule of last intercedent applies until you decide which subsection it's under because if it is under subsection 3, as we contend it is, anything that this court would decide as to whether of a minor or a ward, applying to the first two would be nothing more than dicta. It would be really good dicta because this is an en banc court, but it wouldn't be pertinent to the holding of this case and therefore it would be dicta. And unless there are any other questions, I've got plenty of time left. And I'm happy to take them. You will get the award for making up for all of the overage that has gone before you. Well, I'd like more than that in this case, but I'll take what I can get. We will take that under advisement. Thank you. Just two points. Just to clarify, my colleague mentioned a couple of times the titles of the Chapter 109A offenses. Section 2244 is actually not titled Abusive Sexual Conduct. It's titled Abusive Sexual Contact. So those are different words. And the titles do not line up. And then secondly, to the extent that there's any doubt or confusion on the point about, oh, is it sexual contact? Does that line up with a federal offense? Well, there's no dispute that, in fact, 18 U.S. Code Section 2244, which is Abusive Sexual Contact, essentially mirrors the Ohio Gross Sexual Imposition Statute. There is no doubt, it's explicit, that 109A, including Section 2244, is a valid predicate. So there's no reason to conclude that the state analog would not also be a valid predicate, especially when it fits with the language. If you have conduct that would be abusive sexual... I'm sorry. If you have conduct that would be abusive sexual conduct under the federal statute, but it doesn't involve a minor, then that results in a conviction under the Ohio statute. Does it qualify or not? If you have only abusive sexual conduct not involving a minor, that would not qualify. Okay. But aren't there situations where you could have what constitutes abusive sexual conduct with an adult and still be convicted of one of these Ohio offenses? No, I don't think so. Our contention is that every section of the Ohio Gross Sexual Imposition Statute is sexual abuse within the meaning of 2252b2. Does the federal phrase sexual abuse always require some contact? I think so. I think so to the best of my knowledge. I'm just thinking about various different places. It occurs throughout the United States Code and it's not always defined the same way. It's in Title 18 in a number of places and it's also in Title 10 in the Uniform Code of Military Justice. It's not always defined the same way, but it does always, I think, involve actual touching. So presumably we could try to see whether we could find any case where a federal sexual abuse crime did not involve touching. And if we didn't find any, we would say you're right. I'm not sure that I follow that question. I was simply amplifying that you said you thought it always involved touching for a federal sexual abuse crime and I was saying we could simply canvas sexual abuse federal convictions and see if we see any that don't involve touching. Your supposition or your submission is we're not going to find any and you may be right. I thought you meant Ohio. I'd like to have this question answered and then... So far as we're talking about a federal crime denominated sexual abuse, that's right. I just want to make clear the distinction between that and sexual abuse as set forth in 2252b2, which is undefined. I understand. Are you also saying that all of the Ohio offenses would qualify as sexual abuse? Every violation of Ohio revised code 2907.05 is sexual abuse. Yes. For the purposes of this recidivist statute. For the purposes of 18 U.S. Code 2252b2. Thank you, Judge Brooks. Not necessarily in every case be a federal sexual abuse. Absolutely, because sexual abuse means different things in different places. I'm just talking about 2252b2, which sets forth the penalties for recidivist sex offenders who possess child pornography. What is the minimal action that is required to be sexual abuse as opposed to sexual conduct? Well, my understanding or reading of the difference between those terms, what I'm proposing is that sexual abuse, which, by the way, is broken out specifically under abuse in Black's Law Dictionary as sexual abuse is a specific thing, is misuse or mistreatment of somebody. And abusive sexual conduct does not necessarily involve misuse or mistreatment of somebody. It just involves behavior. Can you tell me what is the minimal conduct that's involved? Oh, I would say that it's some sort of sexual battery. You have to touch the person? I think so. Actually, yes, for sexual abuse. But actually, let me qualify that immediately by saying that the statute actually says relating to, so I wouldn't want to give up something that would be, for example, an attempt to do that I think would probably be relating to it. Paying someone to... Sure, yes, something like that. Conspiracy to do it, attempt to do it, something like that. This gets us back to your general position is that sexual abuse in the federal statute and its common meaning has to involve something physical as opposed to something mental. That's what I think is the best reading of that, yes. So it requires either a touching or an attempt to touch? Yeah, I mean, I guess I don't know at the far margins. It's hard for me to hypothesize otherwise but that's my understanding of the core category, yes. And what's your simple response to the entirety of your opponent's argument about Ohio statute on GSI and contact versus conduct? Well, I think it goes to show that you can't rely on trying to match up particular words from one statute to another where they're not defined since according to my colleague's point the Ohio use of the word conduct means actually a sexual act under Chapter 109A. So these clearly don't match up and you have to make a judgment as to what is the meaning of the undefined federal terms. And my follow-up point is that everybody agrees that 18 U.S. Code 2244 which is pretty much the same thing as Ohio gross sexual imposition is itself a valid predicate. There's no dispute about that and so there's no reason that the state analog ought to be treated differently. And you're saying that we should treat this provision this is intended to operate completely differently from the ACAA and related provisions. We go through a completely different analysis. No, I think you use pretty much the same analysis. So we do look at definitions? Yes. It includes just about everything. I suppose that there could be an argument that you don't follow that, that you don't follow elements, etc. That's what was projected in McGrattan. We're not making that argument here. I think the categorical approach is just fine. Thank you, counsel. Case will be submitted.